## TERM OF FRANCHISE AND OWNERSHIP OF MATERIAL USED BY A PLANK ROAD COMPANY.

[Common Pleas Court of Cuyahoga County.]

THE BOARD OF COUNTY COMMISSIONERS OF CUYAHOGA COUNTY
v. THE STATE ROAD PLANK ROAD COMPANY.

*Decided, March 21, 1900.

*Plank Roads—When Franchise to Construct Begins to Run—Title to Plank after Franchise Expires.*

1. The franchise of a toll road company, which has been granted a permit by the county commissioners, under Section 3476, to construct a plank road in a certain highway, and to collect toll thereon for a specified term of years, dates from the issuance of the permit by the commissioners, and not from the subsequent action of that board granting the right to collect toll, which action is based, under Section 3478, upon the report of a committee that they have examined the road and found it finished.

2. Plank placed in a road under such a franchise are dedicated to public use, and cannot be removed by the company after the expiration of its franchise.

WING, J.

This is a matter which comes on a demurrer to the answer of the Plank Road Company.

The petition sets forth in detail the permission originally had by which the defendant, The State Road Plank Road Company,

---

*Judge Wing is now the Judge of the U. S. District Court for the Northern District of Ohio. The case here reported was taken to the circuit court, where the judgment was affirmed, with a memorandum by Judge Marvin, which said: "Upon the trial of this case in the common pleas, the opinion was delivered by Judge Wing, a copy of which I have, and in which we think the proper decision was made, and in which we think further the reasons for the judgment rendered are expressed so well that it is not worth while to try to improve upon that opinion." The case then went to the Supreme Court where the judgment was affirmed without report.

obtained the right to build and maintain a plank road on a certain state road in this county, and to charge toll for passage over it.

Application was made to the commissioners under Section 3476 of the statute, on March 30th, 1885.  Upon the hearing of that petition the commissioners adjudged that the prayer of the petition should be granted, and that the Plank Road Company should be permitted to build and maintain its road.   That permit was granted on March 30th, 1885, for a period of 15 years.   Under another section of the statute an examination was had by a committee of the three miles of road that had been finished by the Plank Road Company, and a certificate was made in compliance with the law, and on August 24th the commissioners granted the right to the Plank Road Company to collect toll.

The demurrer substantially admits those facts.

It is claimed by the county commissioners now, that the period of 15 years expires at midnight on the 30th day of March, and that the Plank Road Company has no right to remove the planks which it has put down in the improvement of this road, and which it admits it proposes to do unless restrained.

There is a further prayer in the petition that the defendant, the Plank Road Company, be enjoined from attempting to collect toll after the day of the expiration of the franchise.

The two main questions to be decided are, first, as to when the franchise ends, and second, as to the right of the Plank Road Company to take any portion of the material they have placed in this road in the way of constructing the plank road.

Now as to the time.   Section 3476 provides, "Whenever a company deems it expedient or necessary, in laying out or building a turnpike or plank road, for which it has become incorporated, to enter upon and take possession of any road, street, alley, or bridge, it shall present to the commissioners of the county in which such road, street, alley, or bridge is situate, a petition, signed by at least twelve citizens, living upon or being interested in such road, street, alley or bridge, and shall cause a notice to be published in some newspaper of general circulation in the county, for four consecutive weeks, of the object and prayer of such petition, that re-

monstrances may be made thereto; and the commissioners at their next meeting after the presentation of such petition, notice having been given as aforesaid, shall hear and determine the same; and if it appear that it will be for the interest of the community using such road, street, alley, or bridge, to have the same taken and used for the purpose of constructing such turnpike or plank road thereon, the commissioners shall grant a permit, in writing, to the company to take and use the same on such terms as they may deem fit for the interest of the community; and the company shall thereby acquire an exclusive right of way in such road, street, alley, or bridge; but nothing in this section shall be so construed as to extend to roads, streets, or bridges within the limits of a city or village in this state, nor to any macadamized road."

Now, there was a hearing and an adjudication on the date fixed.

It is by the action that the commissioners took upon that petition, after service of summons on divers parties by the publication of this notice, that the right of the Plank Road Company originated. And by express provision of the statute it is by that decision that the Plank Road Company at once obtained an exclusive right of way in the road and then reading the provision that was placed in this permit of the term which is described to be a period of 15 years, there being no mention in the permit itself as to the dates between which this period of 15 years is to exist, we are forced to the conclusion that the period of 15 years began when the exclusive right of the company began which was on the date of the issue of that permit.

So the court will hold as to that point, that, notwithstanding the allegations of the answer, the allegations of the petition as to the time of the commencement and time of ending are correct and should stand.

The next question is as to the title to the plank that are placed in this road by the Plank Road Company, and as to whether the Plank Road Company has the right to take up and remove these plank.

In the 2 O. S., 428, there is a decision of Judge Ranney, that does not touch upon this point exactly, but throws considerable

light upon the question.   This was a case in which the question was raised as to whether the construction of a plank road made an additional burden upon the public, such as to entitle the owners of the fee in the road to compensation for its construction.   In the course of the decision, on page 427, Judge Ranney said:

"The public had acquired, and we are bound to suppose, had paid for, to the satisfaction of the owners, a perpetual easement in the land covered by the road, which gave the right to all persons to pass and re-pass over it at pleasure, either on foot or by any mode of conveyance they might see fit to employ; and also the right to improve it, for that purpose, in any manner that might be thought, by the Legislature, most conducive to the end in view, and would best subserve the interests and convenience of the public at large.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

"As the interest of the public was acquired for defined objects and specified purposes, it seems very clear that the land could not be diverted to other purposes, or used in a manner substantially different from that for which it was appropriated, without relieving it from the incumbrance, and restoring the owner to the absolute dominion he had before it was taken.

"But it is equally clear that there has been no substantial change of the use to which the land was subjected, or of the rights and interests of the owners, by the transfer of the public interests to the uses of this company.   It was a public highway before, and is a public highway still.   It was subject to certain uses before, and is subject to precisely the same now.   Before, the public had the right to construct the road or improve it in any manner deemed expedient or necessary; and the company now have the right, and are bound to construct it in the manner provided in its charter, and to keep it in repair.

"The interest of the public extended no further than was necessary to accomplish these objects; and in the accomplishment of the same objects, the company now require no greater interest, and are limited by the same necessity as the public, before the transfer was made.   Before, the owner still retained the fee in the land, with the right to occupy it in any manner not inconsistent with the public use; and his interest and right of occupancy is no less now.

"Before, it is true the road was placed under the control of public officers, and supported by a tax laid upon the persons and

property of the vicinity; now, it is placed under the control of a company incorporated for the purpose, and supported by a toll exacted from those who use the road. But this is only using other instrumentalities, and raising the necessary funds by other means, to accomplish the same lawful purpose; and in no respect changes the public character of the improvement, or the relation of property owners to it."

We have, then, a fixed decision as to the status of plank road companies. It steps into the place of the officer, it assumes the duty that by law was the duty of those representing the public, mainly to improve the road, for all the uses to which it had been dedicated and no greater uses. The Plank Road Company would not have been permitted to put anything into the road by way of so-called improvement that would have adapted it to other methods of conveyance than those customary, and in the purview of the dedication. It could only put those things into the roadway, and do those things in the road that county commissioners and township officers might have done. Either the township officers or the county commissioners could have improved this road by adding various materials to it, adapted to making a better roadway, and at once that material would have been dedicated to those public uses. The title would have followed the same course that anything that is appropriated to the improvement of a public way, would have taken. The putting of the plank in this road by the Plank Road Company was a condition precedent to the real value of the franchise given, to-wit: the right to collect toll, and that touches again on the question of time.

They are given by the statute the exclusive use and occupancy of this roadway for a period of 15 years. By the other section of the statute, to which I have referred, they are only permitted to begin to take toll after they shall have constructed three miles. They may take five years of their time to construct that three miles.

Up to the time that they complete that three miles they can not collect toll. But just as soon as they have performed this condition precedent they may begin to collect toll. The citizens are relieved of the tax which would have been levied to defray the

cost of improving the road, and have submitted to the collection of those tolls by the Plank Road Company.

It rarely happens that those who pay a tax, either directly or indirectly, are expected to receive, and solely enjoy what that tax buys. The man who pays toll only pays for the use that he has at the time he rides over the road.

When this incorporated company made its bargain it must have had in view that what it did in the way of improvement on the last day of its franchise, might be used at a very much later date by some one, without paying toll. And so it would have been with a man who had paid a tax on the improvement of a road in the year 1899. He would do so with absolute knowledge that what was bought with his tax in the way of improvement would be enjoyed by some one probably as late as 1905.

The plain bargain between the public and the Plank Road Company was, the Plank Road Company would step into the shoes of the public and make these repairs. As a compensation they would enjoy the privilege, after having performed the condition precedent, prescribed by law, of collecting toll in a certain amount, over the road until the expiration of the period.

The putting of the plank in the road must have, then, the same effect upon the title to that plank, that would have followed from the public putting the plank on the road. We know if the public had put the plank on the road, it would have amounted to a dedication to the public use, or otherwise it would have been an adverse holding. The putting of the plank in the road by the company must be regarded as a dedication of that plank, and a cessation of title in the Plank Road Company.

It is not necessary for me to pass any further on the full scope of the injunction to be issued. It is enough for present purposes to say that the demurrer to the answer is sustained.

*P. H. Kaiser,* County Solicitor, and *O. L. Neff,* Assistant County Solicitor.